Debbie P. Kirkpatrick, Esq. (SBN 207112)
Damian P. Richard, Esq. (SBN 262805)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   619/296-2013
dkirkpatrick@sessions-law.biz
drichard@sessions-law.biz

Attorneys for NCO Financial Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD RITCHIE<br><br>         Plaintiff,<br><br>   vs.<br><br>NCO FINANCIAL SYSTEMS, INC., and DOES 1-10, inclusive,<br><br>         Defendants. | Case No.  13-cv-05277-SC<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT NCO FINANCIAL SYSTEMS, INC.,<br><br>Date: June 20, 2014<br>Time: 10:00 a.m.<br>Courtroom: 1-17th Floor<br>Judge: Hon. Samuel Conti |

## I. INTRODUCTION

Plaintiff Todd Ritchie ("Plaintiff") defaulted on his obligations to American Express ("AmEx").  The three accounts were placed with defendant NCO Financial Systems, Inc. ("NCO") for collection.  While NCO placed calls to Plaintiff's cellular telephone number ending in 9596, NCO placed all calls to that

number without the use of an Automatic Telephone Dialing System ("ATDS"). Plaintiff's Telephone Consumer Protection Act ("TCPA") claim fails because no ATDS calls were made to his cell phone.

## II. STATEMENT OF FACTS

Plaintiff defaulted on three different credit card accounts with AmEx. (Declaration of Greg Stevens ("Stevens Decl.") ¶ 4). All three AmEx accounts were placed with NCO for collection. *Id.* These three accounts are the only accounts handled by NCO which relate to Plaintiff or his cell phone number ending in 9596. *Id.*

On January 23, 2010, AmEx placed the first of Plaintiff's three delinquent credit card accounts with NCO for collection. (Stevens Decl. ¶ 5, Ex. A.) The first account ended in account number 1004 and upon placement was assigned NCO account number LN1723. *Id.* NCO made no calls to Plaintiff's cell number 9596 from this account. *Id.*

On March 21, 2013, AmEx placed the second delinquent account with NCO for collection. (Stevens Decl. ¶ 6, Ex. B.) The second account ended in account number 2007 and was assigned to NCO account number LL7875 at placement. *Id.* Beginning later that month, NCO began making manual calls to Plaintiff's cell phone number ending in 9596. *Id.* NCO made 5 manual calls to Plaintiff's cell phone on the LL7875 account. *Id.* No calls to Plaintiff's cell phone were made using an ATDS. *Id.*

On April 23, 2013, AmEx placed the third account with NCO for collection. (Stevens Decl. ¶ 7, Ex. C.) The third account ended in account number 1004 and was assigned NCO account number LN1723 at placement. On this account, NCO made 38 calls to Plaintiff's cell phone ending in 9596. *Id.* All calls to Plaintiff's

cell phone number were made manually.  *Id.*  No calls to Plaintiff's cell phone were made using an ATDS.  *Id.*

## III.  <u>STANDARD ON MOTION FOR SUMMARY JUDGMENT</u>

Federal Rule of Civil Procedure Rule 56 permits any party to a civil action to move for summary judgment on a claim, counterclaim, or cross-claim.  Fed. R. Civ. P. 56.  Summary judgment is appropriate where the Court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 330 (1986).

The initial burden on a motion for summary judgment is on the moving party. The moving party satisfies this initial burden by identifying the parts of the materials on file it believes demonstrate an "absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325.

Where the non-moving party has the burden at trial, however, the moving party need not produce evidence negating or disproving every essential element of the non-moving party's case. *Celotex*, 477 U.S. at 325.  Instead, the moving party's burden is met by pointing out that there is an absence of evidence supporting the non-moving party's case. *Id.*  The burden then shifts to the non-moving party to show that there is a genuine issue of material fact that must be resolved at trial. Fed. R. Civ. Proc. 56(e); *Celotex*, 477 U.S. at 324.  The non-moving party must make an affirmative showing on all matters placed in issue by the motion as to which it has the burden of proof at trial. *Celotex*, 477 U.S. at 322; *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  The non-moving party "may not rely on the mere allegations in the pleadings in order to preclude summary judgment," but must set forth, by affidavit

or other appropriate evidence, "specific facts showing there is a genuine issue for trial." *Id.*

A motion for summary judgment can be used by a Defendant not only to attack meritless claims, but also to seek a pretrial adjudication of their nonliability for Plaintiffs' claimed injuries. *See* Fed. R. Civ. Proc. 56(a). Summary Judgment can dispose of claims having no factual support, as well as those in which the facts are undisputed, or which turn solely on issues of law. *See Schneider v. TRW, Inc.*, 938 F.2d 986, 991 (9th Cir. 1991).

Summary judgment is appropriate where there is a dispositive question of law (e.g., interpretation of statute). *See Delbon Radiology v. Turlock Diagnostic Ctr.*, 839 F. Supp. 1388, 1391 (E.D. Cal. 1993); *Edwards v. Aguillard*, 482 U.S. 578 (1987); *Union Pac. Land Resources Corp. v. Moench Inv. Co., Ltd.*, 696 F.2d 88, 93, fn. 5 (10th Cir. 1982); *see also Bischoff v. Osceola County, Fla.*, 222 F.3d 874, 882–883 (11th Cir. 2000) (standing to sue for violation of statute); *Juliano v. Health Maintenance Org. of New Jersey, Inc.*, 221 F.3d 279, 286 (2nd Cir. 2000) (applicable measure of damages).

## IV. THE COURT SHOULD GRANT NCO'S MOTION FOR SUMMARY JUDGMENT AGAINST PLAINTIFF

There is no genuine issue as to any material fact, and NCO is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Plaintiff cannot set forth the elements of the claim he asserts because NCO did not call Plaintiff's cell phone with an ATDS.[1] *See James River Ins. Co. v. Schenk, P.C.,* 519 F.3d 917, 925 (9th

---

[1] "The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC,* 707 F.3d 1036, 1043 (9th Cir.2012).

Cir.2008). Therefore, his sole TCPA claim fails. (Stevens Decl., ¶¶5-7, Exs. A-C.)

Plaintiff alleges that NCO violated the TCPA by contacting his cell phone with an ATDS or recorded voice without his consent. The statute provides, in pertinent part:

> It shall be unlawful for any person within the United States ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . .

47 U.S.C. § 227(b)(1)(A)(iii).

In shortest form, Plaintiff's claim fails because an ATDS was not used to call Plaintiff's cell phone. (*See* Stevens Decl., ¶¶5-7, Exs. A-C.) As set forth in the Declaration of Greg Stevens, filed concurrently, all calls to Plaintiff's cell phone number were made manually, without the use of an ATDS. *Id.*

The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). Plaintiff bears the burden of establishing that the calls to his cell phone were made with automated equipment that has the capacity to store or produce numbers to be called through the use of an automatic or sequential number generator. *See Dominguez v. Yahoo, Inc.*, 2014 WL 1096051, *4 (E.D. Pa. 2014) citing *Satterifeld v. Simon &*

*Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009).

In *Dominguez*, plaintiff sued Yahoo alleging that he was receiving text messages on his cell phone through an ATDS and without his consent in violation of the TCPA. Yahoo moved for summary judgment, contending that the text messages were not generated through an ATDS. In granting Yahoo's motion, the Court concluded that "Plaintiff has not offered any evidence to show that Yahoo's system had the capacity to randomly or sequentially generate telephone numbers (as opposed to simply storing telephone numbers), as required by the statutory definition of ATDS. The Court thus finds that Yahoo did not send text messages to Plaintiff via an ATDS and, therefore, judgment must be granted in favor of Yahoo." *Id.*, 2014 WL 1096061, at *4.

As in *Dominguez*, plaintiff here is incapable of demonstrating that NCO called his cell phone with an ATDS. Rather than calling him with equipment with the requisite automated capacity, here NCO called plaintiff through a manually dialed telephone complete with actual human intervention. (*See* Stevens Decl., ¶¶5-7, Exs. A-C.) Plaintiff's inability to establish an essential element of his claim – namely, that the calls were placed through an ATDS, dooms his TCPA claim, and like in *Dominguez*, summary judgment should be entered for NCO. *See also Gragg v. Orange Cab Company, Inc.*, 2014 WL 494862, *3 (W.D. Wash. 2014) (granting summary judgment to defendant because "plaintiff failed to provide the Court with any evidence that either TaxiMagic or the modem has the capacity to randomly or sequentially generate telephone numbers to be stored, produced, or called."); *Hamilton v. Spurling*, 2013 WL 1164336, *4 (S.D. Ohio 2013) (entering summary judgment in favor of defendant because plaintiff offered no testimony or evidence that the calls were initiated with equipment that had the capacity to store or produced number using a random or sequential number generator.); and

*Simington v. Zwicker & Associates, P.C.*, 2012 WL 5873310, *3 (W.D. Okla. 2012) (summary judgment entered for defendant because "[p]laintiff has not provided evidence that would materially dispute the fact that defendant did not use an automatic telephone dialing system or an artificial or prerecorded voice to make calls to plaintiff's cellular phone.")

*Dobbin v. Wells Fargo Auto Finance, Inc*. is in accord. In *Dobbin,* plaintiffs alleged that they received telephone calls from Wells Fargo on their cell phones and without consent in violation of the TCPA. Wells Fargo introduced the respective account records to demonstrate that the calls were manually dialed independent of an ATDS. The court concluded that plaintiffs' TCPA claims failed because "there is no evidence that the calls to plaintiffs' cell phones were autodialed. Rather, the evidence is that the calls were dialed manually." *Id*., 2011 WL 2446566, *4 (N.D. Ill. 2011).

As in *Dobbin*, NCO's records definitely show that the calls to plaintiff's cell phone were manually dialed independent of an ATDS. In this case, plaintiff has not, and cannot establish that the calls to his cell phone were made with an ATDS or equipment that used a random or sequential number generator. Plaintiff's inability to produce such evidence, like in *Dobbin*, is fatal to his claim, and NCO is entitled to summary judgment on plaintiff's TCPA claims.

///
///
///
///
///
///
///
///

## V. <u>CONCLUSION</u>

For all of the reasons set forth above, Plaintiff's claim against NCO fails and there are no material facts in dispute. Accordingly, summary judgment should be granted in NCO's favor.

Dated: 5/5/14	SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

	<u>/s/*Damian P. Richard*</u>
	Damian P. Richard
	Attorney for Defendant
	NCO Financial Systems, Inc.